# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## WESTERN DIVISION

| | |
|---|---|
| WILLIAM STEWART DIBLE,<br><br>Plaintiff,<br><br>vs.<br><br>CHAD PRIMMER, JOHN L. LANE,<br><br>Defendants. | No. C10-4105-LRR<br><br>INITIAL REVIEW ORDER |

This matter is before the court on the plaintiff's motion to proceed in forma pauperis (docket no. 1) and motion to stay action (docket no. 2). The plaintiff filed both motions on November 4, 2010. Along with his motion to proceed in forma pauperis, the plaintiff submitted a complaint.

## *I. IN FORMA PAUPERIS UNDER 28 U.S.C. § 1915*

Based on the plaintiff's application and certificate of inmate account, it is clear that the plaintiff does not have sufficient funds to pay the required filing fee. 28 U.S.C. § 1914(a) (requiring $350.00 filing fee). Thus, in forma pauperis status shall be granted to the plaintiff. *See generally* 28 U.S.C. § 1915. The clerk of court shall file the complaint without the prepayment of the filing fee. Although the court deemed it appropriate to grant the plaintiff in forma pauperis status, the plaintiff is required to pay the full $350.00 filing fee by making payments on an installment basis. 28 U.S.C. § 1915(b)(1); *see also In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997) ("[T]he [Prisoner Litigation Reform Act] makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal."). The full filing fee will be collected even if the court dismisses the case because it is frivolous or malicious, fails to state a claim on which relief may be

granted or seeks money damages against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Here, the plaintiff must pay an initial partial filing fee in the amount of 20 percent of the greater of his average monthly account balance or average monthly deposits for the six months preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). Based on an average account balance of $89.67, the court finds that the initial partial filing fee is $17.93. *Id*. The plaintiff shall submit $17.93 by no later than December 3, 2010. *Id*. If necessary, the plaintiff may request in a written motion an extension of time to pay the initial partial filing fee.

In addition to the initial partial filing fee, the plaintiff must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden on the prisoner's institution to collect the additional monthly payments and forward them to the court. Specifically,

> [a]fter payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). Therefore, after the plaintiff pays in full the initial partial filing fee, the remaining installments shall be collected by the institution having custody of the plaintiff. *Id*. The clerk of court shall send a copy of this order and the notice of collection of filing fee to the appropriate official at the place where the plaintiff is an inmate.

## II. STANDARD OF REVIEW

A pro se complaint must be liberally construed. *See Hughes v. Rowe*, 449 U.S. 5, 9, 101 S. Ct. 173, 66 L. Ed. 2d 163 (1980); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972) (per curiam); *Smith v. St. Bernards Reg'l Med. Ctr.*, 19

F.3d 1254, 1255 (8th Cir. 1994). In addition, unless the facts alleged are clearly baseless, they must be weighed in favor of the plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32-33, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992). A court, however, can dismiss at any time a complaint filed in forma pauperis if the complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b)(1). A claim is "frivolous" if it "lacks an arguable basis in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *accord Cokeley v. Endell*, 27 F.3d 331, 332 (8th Cir. 1994). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Accordingly, a court may review the complaint and dismiss sua sponte those claims that fail "'to raise a right to relief above the speculative level. . . .'", *see Parkhurst v. Tabor*, 569 F.3d 861, 865 (8th Cir. 2009) (quoting *Bell Atl.*, 550 U.S. at 555), or that are premised on meritless legal theories or clearly lack any factual basis, *see Neitzke*, 490 U.S. at 325. *See, e.g., Denton v. Hernandez*, 504 U.S. at 27 (considering frivolousness); *Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992) (concluding that a district court may dismiss an action if an affirmative defense exists).

### III. CLAIMS ASSERTED

Currently confined at the Federal Correctional Complex in Beaumont, Texas, the plaintiff, proceeding pro se, submitted a complaint to redress, among other things, the alleged deprivation of his constitutional right to counsel. The plaintiff predicates jurisdiction on 28 U.S.C. § 1331. Under 28 U.S.C. § 1391(b), venue appears proper as the defendants are located in this district and the events giving rise to the instant action occurred in this district.

In his complaint, the plaintiff contends that his attorneys in *United States v. Dible*, Case # 5:08-cr-04060-LRR (N.D. Iowa 2009), provided ineffective assistance in violation

3

of the Sixth Amendment, committed legal malpractice, intentionally caused him emotional duress, breached their duties, breached their contract and/or engaged in fraud. Specifically, the plaintiff claims that Chad Primmer, that is, his court appointed attorney, improperly withdrew all objections to the pre-sentence investigation report, failed to correct material factual errors and did not present mitigating factors regarding his criminal history. Similarly, the plaintiff contends that John Lane, that is, the attorney he subsequently retained, misrepresented him because he said that he would file objections to the pre-sentence investigation report, correct the material factual errors and present mitigating evidence but he only argued one issue that Chad Primmer asserted in the sentencing memorandum, that is, unwarranted sentencing disparity. Additionally, the plaintiff believes that his attorneys should have contested his overstated criminal history, challenged the drug quantity calculations and sought a minimal role reduction during the sentencing hearing. Further, the plaintiff claims that Chad Primmer had an actual conflict of interest because he represented a material witness, and he asserts that such conflict caused Chad Primmer to negotiate his plea agreement less rigorously and the court to impose a higher sentence. The plaintiff states that, at the time of his sentencing, he received a 91 month term of imprisonment and a $12,000.00 fine. He also states that, absent his attorneys' deficient representation, he might not have pleaded guilty and a jury might not have found him guilty. As relief, the plaintiff asks the court to award compensatory damages in the amount of $250,000.00, punitive damages, interest and costs against both of the defendants, and he asks the court to award compensatory damages in the amount of $15,000.00, punitive damages, interest and costs against John Lane.

## IV. ANALYSIS

Based on the facts alleged in the instant complaint, it is clear that the plaintiff does not state a viable federal claim. A private attorney, even when appointed by the court, ordinarily does not act under color of state law for purposes of filing an action under 42 U.S.C. § 1983, *see Lemmons v. Law Firm of Morris & Morris*, 39 F.3d 264, 266 (10th

4

Cir. 1994), or as a federal agent for purposes of filing a *Bivens* action, *see Haley v. Walker*, 751 F.2d 284, 285 (8th Cir. 1984). Stated differently, a federal suit generally does not arise for actions that a private attorney takes during the course of representing a defendant. *See Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988); *Haley*, 751 F.2d at 285. Consequently, the defendants' purely private actions afford no basis for federal jurisdiction and the plaintiff's claim that the defendants unconstitutionally deprived him of his Sixth Amendment right to counsel must be dismissed for lack of subject matter jurisdiction.

Further, the plaintiff's claim is barred. The plain language of the complaint demonstrates that the plaintiff is indirectly challenging the validity of his conviction and sentence. The plaintiff complains about the performance of his attorneys in *United States v. Dible*, Case # 5:08-cr-04060-LRR (N.D. Iowa 2009), and the plaintiff states that he would like the court to award him damages. The relief sought by the plaintiff is not available because a cause of action for damages does not arise until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal . . ., or called into question by the issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S. Ct. 2364, 129 L. Ed.2d 383 (1994). The plaintiff implicitly admits that his allegations against the defendants necessarily imply the invalidity of his conviction or sentence. Indeed, the plaintiff acknowledges in his motion to stay that he is still contesting his conviction and resulting sentence under 28 U.S.C. § 2255. Because the plaintiff may not at this time seek damages based on a claim that his attorneys provided ineffective assistance to him, the plaintiff's claim that is based on the Sixth Amendment fails as a matter of law.

Finally, with respect to the plaintiff's state-law claims, the court declines to exercise supplemental jurisdiction. *See Brown v. Peterson*, 156 Fed. App'x 870, 871 (8th Cir. 2005) (concluding decision to exercise supplemental jurisdiction over state-law claim is discretionary); *see also McLaurin v. Prater*, 30 F.3d 982, 985 (8th Cir. 1994) (indicating

subsection (c) of 28 U.S.C. § 1367 clearly gives a court discretion to reject jurisdiction over supplemental claims).

In light of the foregoing, the plaintiff's action shall be dismissed for failing to state a claim upon which relief can be granted. Because the court deems it appropriate to dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), the dismissal of this action shall count against the plaintiff for purposes of the three-dismissal rule set forth in 28 U.S.C. § 1915(g).

## V.  MOTION TO STAY

In his motion to stay, the plaintiff states that he commenced the instant action to preserve his rights. He makes clear that he did not want the applicable statute of limitation to run before he filed his action. The plaintiff misunderstands the law. In Iowa, the statute of limitations for personal injury actions is two years after accrual. Iowa Code § 614.1(2). Such "'statute of limitations begins to run when the injured person discovers or in the exercise of reasonable care should have discovered the allegedly wrongful act'". *Roth v. G.D. Searle & Co.*, 27 F.3d 1303, 1306 (8th Cir. 1994) (quoting *Franzen v. Deere & Co.*, 377 N.W.2d 660, 662 (Iowa 1985)); *see also Richmond v. Clinton County*, 338 F.3d 844, 847 (8th Cir. 2003) (relying on *Roth*, 27 F.3d at 1306). Moreover, the court does not believe a stay is warranted because none of the plaintiff's federal claims are valid. Therefore, the plaintiff's motion to stay shall be denied.

**IT IS THEREFORE ORDERED**:

(1) The plaintiff's application to proceed in forma pauperis status (docket no. 1) is granted.

(2) The clerk of the court is directed to file the complaint without the prepayment of the filing fee.

(3) The plaintiff is directed to submit an initial partial filing fee of $17.93 by no later than December 3, 2010. If necessary, the plaintiff may request in a written motion an extension of time to pay the initial partial filing fee.

(4) After the plaintiff pays the initial partial filing fee, the institution having custody of the plaintiff is directed to collect and remit monthly payments in the manner set forth in 28 U.S.C. § 1915(b)(2). Until the $350.00 filing fee is paid in full, the plaintiff is obligated to pay and the institution having custody of him is obligated to forward 20 percent of the preceding month's income credited to his account each time the amount in the account exceeds $10.00.

(5) The clerk of the court is directed to send a copy of this order and the notice of collection of filing fee to the appropriate official at the place where the plaintiff is an inmate.

(6) The plaintiff's action is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

(7) The dismissal of this action counts against the plaintiff for purposes of the three-dismissal rule set forth in 28 U.S.C. § 1915(g).

(8) The plaintiff's motion to stay (docket no. 2) is denied.

**DATED** this 23rd day of November, 2010.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

TO:   WARDEN/ADMINISTRATOR
      FCC Complex, USP

## NOTICE OF COLLECTION OF FILING FEE

You are hereby given notice that William Stewart Dible, an inmate at your facility, filed the following lawsuit in the United States District Court for the Northern District of Iowa: *Dible v. Primmer, et al.*, Case No. C10-4105-LRR. The inmate was granted in forma pauperis status pursuant to 28 U.S.C. § 1915(b), which requires partial payments of the $350.00 filing fee. Based on the inmate's account information, the court has assessed an initial partial filing fee of $17.93, which the inmate must pay now to the clerk of court. 28 U.S.C. § 1915(b)(1).

> After payment of the initial partial filing fee, the [inmate] shall be required to make monthly payments of 20 percent of the preceding month's income credited to [his] account. The agency having custody of the [inmate] shall forward payments from [his] account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). Therefore, you must monitor the account and send payments to the clerk of court according to the system provided in 28 U.S.C. § 1915(b)(2), that is, you should begin making monthly payments of 20 percent of the preceding month's income credited to the inmate's account.

Please make the appropriate arrangements to have these fees deducted and sent to the court as instructed.

s/K. Yorgensen, Deputy
_____
Robert L. Phelps
U.S. District Court Clerk
Northern District of Iowa